**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carolyn Perkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 3699 |
| | ) | |
| Credit Control, LLC, a Missouri limited liability company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Carolyn Perkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Carolyn Perkins ("Perkins"), is a citizen of the State of Arizona, from whom Defendant attempted to collect a delinquent consumer debt owed for an HSBC account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that, from its offices in Edwardsville, Illinois and three other states, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Credit Control operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Credit Control is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Credit Control conducts business in Illinois.

6.      Moreover, Defendant Credit Control is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Credit Control acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Perkins is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC account.  When Credit Control began trying to collect this debt from Ms. Perkins, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Credit Control's collection actions.

8.      Accordingly, on December 13, 2010, one of Ms. Perkins' attorneys at LASPD informed Credit Control, in writing, that Ms. Perkins was represented by counsel, and directed Credit Control to cease contacting her, and to cease all further

collection activities because Ms. Perkins was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, Defendant Credit Control directly called Ms. Perkins to demand payment of the debt, including, but not limited to, a telephone call on April 26, 2011, from telephone number 877-395-3541.

10.     Accordingly, on April 27, 2011, one of Ms. Perkins' LASPD attorneys had to write to Defendant Credit Control again to demand that it cease communications and cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Defendant Credit Control's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Perkins', agent, LASPD, told Defendant Credit

3

Control to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant Credit Control violated § 1692c(c) of the FDCPA.

16.     Defendant Credit Control's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Credit Control knew that Ms. Perkins was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Credit Control to cease directly communicating with her.  By directly calling Ms. Perkins, despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Credit Control's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carolyn Perkins, prays that this Court:

1.      Find that Defendant Credit Control's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Perkins, and against Defendant Credit Control, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carolyn Perkins, demands trial by jury.

Carolyn Perkins,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  June 1, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com